**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ANTHONY J. FAILS,**
　　　　　　**Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　**Case No.  3:08cv520/MCR/MD**

**SHERIFF'S DEPARTMENT, et al.,**
　　　　　　**Defendants.**

_____

## REPORT AND RECOMMENDATION

　　　**Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis* (doc. 8), has filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 16). Upon review of the second amended complaint, the court concludes that plaintiff has failed to present an actionable claim, and that dismissal of this case is warranted.**

　　　**Since plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine if it is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d**

1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is currently confined at Florida State Prison.  In this § 1983 suit, he challenges his attempted sexual battery conviction on Fourth and Fourteenth Amendment grounds, claiming that his prosecution and conviction were malicious and without sufficient evidence because there was no DNA evidence linking him to the crime.  (Doc. 16, pp. 5-20).  As relief, plaintiff seeks damages for mental anguish, emotional distress, pain and suffering, unlawful harassment, embarrassment, lack of employment and despair.  (*Id.*, p. 7).

Plaintiff's claims are due to be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  In *Heck*, the Court held that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Id*. at 487, 114 S.Ct. at 2372. Absent such an invalidation, the section 1983 suit must be dismissed.  *Id*.  Here, were the court to make a determination in plaintiff's favor, it would necessarily imply the invalidity of plaintiff's conviction and sentence.  It is clear from the face of the amended complaint that plaintiff has not obtained an invalidation of his conviction.

**Based on the foregoing, plaintiff's claims should be dismissed without prejudice to their refiling in the event plaintiff obtains such an invalidation through habeas corpus or other avenues.**

**Accordingly, it is respectfully RECOMMENDED:**

**1. That this cause be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.**

**2. That the Clerk be directed to close the file.**

**At Pensacola, Florida this 29th day of January, 2009.**

/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**