UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY J. FAILS,

    Plaintiff,

v.                                       Case No.  3:08cv520/MCR/CJK

SHERIFF'S DEPARTMENT, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    This prisoner civil rights case is before the court on referral from the clerk. Plaintiff initiated this action on November 10, 2008, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff challenged his 2005 attempted sexual battery conviction on due process grounds, claiming that his prosecution and conviction were malicious and without sufficient evidence because there was no DNA evidence linking him to the crime. (Doc. 16, pp. 5-20). This court dismissed the case under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted, finding plaintiff's claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 21; *see also* Doc. 19). Judgment was entered February 25, 2009. (Doc. 22). Plaintiff did not appeal from the judgment. Now, 9½ years later,

plaintiff moves for relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure, asserting that his arrest for the crime was illegal. (Docs. 37, 38).

Rule 60(b)(4) – the provision under which plaintiff brings his motions – authorizes the court to relieve a party from a final judgment if "the judgment is void". Fed. R. Civ. P. 60(b)(4). A motion under Rule 60(b)(4) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). A determination of what constitutes a reasonable time depends on the circumstances in an individual case, and in making the determination, courts consider "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275-76 (11th Cir. 2008) (internal quotation marks omitted).

Plaintiff's motions are untimely, as they were not filed within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1). Plaintiff's motions are also without merit, as plaintiff fails to show that this court lacked even an "arguable basis" for exercising jurisdiction, and further fails to show that the judgment was premised on a due process violation that deprived him of notice or the opportunity to be heard. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (reiterating the standard for relief under Rule 60(b)(4)).

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motions for relief from judgment filed under Fed. R. Civ. P. 60(b)(4) (docs. 37, 38) be DENIED.

At Pensacola, Florida this 13th day of June, 2018.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.