UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY J. FAILS,

    Plaintiff,

v.                                             Case No. 3:08cv520/MCR/CJK

SHERIFF'S DEPARTMENT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court on referral from the clerk. Plaintiff initiated this action on November 10, 2008, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff challenged his 2005 attempted sexual battery conviction on due process grounds, claiming his prosecution and conviction were malicious and without sufficient evidence because there was no DNA evidence linking him to the crime. (Doc. 16, pp. 5-20). Plaintiff was granted leave to proceed *in forma pauperis* (docs. 8, 12), and in the ten years since, has paid $3.50 toward the $350.00 filing fee. (Doc. 23).[1] This court dismissed the case under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted, finding plaintiff's claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 21; *see*

---

[1] Plaintiff made this payment on June 26, 2009. (Doc. 23).

*also* Doc. 19).  Judgment was entered February 25, 2009.  (Doc. 22).  Plaintiff did not appeal from the judgment.

On July 18, 2016, plaintiff moved to "reopen" this case.  (Doc. 29).  This court denied the motion.  (Doc. 31).  On October 25, 2016, plaintiff moved for relief from the judgment under Fed. R. Civ. P. 60(b).  (Doc. 32).  This court denied relief.  (Docs. 34, 36).  Plaintiff did not appeal.

On April 2, 2018, and May 10, 2018, plaintiff filed two additional Rule 60(b) motions.  (Docs. 37, 38).  This court denied relief.  (Docs. 39, 41).  Plaintiff appealed.  (Doc. 42).  On October 29, 2018, the Eleventh Circuit dismissed the appeal as frivolous.  (Doc. 50).

The same day plaintiff's appeal was dismissed, he filed the present motion under Rule 60(b)(4), again asking this court to reopen this § 1983 proceeding.  (Doc. 52).  Plaintiff argues he has new evidence (discovered by his sister in February 2018 through internet research and old newspaper clippings) that members of the Escambia County Sheriff's Office "conspired to filed [sic] false affidavits in over 200 other cases of sexual battery, without any DNA evidence."  (Doc. 52, p. 1).  Plaintiff further asserts that the "rape exam" of the victim of his attempted sexual battery produced no evidence for DNA testing and he was therefore convicted without any supporting DNA evidence.  (*Id.*, p. 2).  Plaintiff also claims that the

charging document in his criminal case "relied upon a fattally [sic] defective affidavit supported by no evidence at all." (*Id.*). Plaintiff argues that these allegations clearly show that his underlying § 1983 claims have merit and were not barred by *Heck, supra*. (*Id.*).

Rule 60(b) allows a party to seek relief or reopen his civil case under these circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been discharged; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Additionally, a Rule 60(b) motion that is based on newly discovered evidence must be brought within one year after the date of the challenged judgment, order or proceeding. *Id*.

Although plaintiff labels his motion as seeking relief under Rule 60(b)(4), he actually seeks relief under Rule 60(b)(2), because his basis for reopening the judgment is that he has newly discovered evidence supporting his § 1983 claims. Plaintiff's motion was not filed within one year of the judgment and is time-barred. *See* Fed. R. Civ. P. 60(c)(1).

Even if evaluated under Rule 60(b)(4), the motion is untimely. Plaintiff's motion is based on information he could have discovered earlier through the exercise

*Page 4 of 5*

of due diligence, yet he filed it almost ten years after the entry of this court's dismissal order. That is not a reasonable time.

Not only is plaintiff's present motion untimely, it is an abuse of the judicial process. This is plaintiff's sixth attempt to reopen the 10-year old judgment in this case. (*See* Docs. 29, 30, 32, 37, 38, 52). Plaintiff's latest motion relies on "evidence" discovered prior to his April and May 2018, motions. These allegations either were, or could have been, raised in his prior pleadings. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions[,]" including a litigant's abuse of the judicial process. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). The right of access to the courts "is neither absolute nor unconditional." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991) (*quoting In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981)). "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). An appropriate sanction for plaintiff's abuse of the judicial process is to enjoin him from filing future documents in this case (with the exception of a

notice of appeal from the order adopting this Report and Recommendation), unless he first pays the remaining balance due on his filing fee, which is $346.50.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion for relief from judgment (doc. 52) be DENIED.

2.  That the clerk be directed to return, without filing, any future documents plaintiff submits for filing in this case (with the exception of a notice of appeal from the order adopting this Report and Recommendation), unless plaintiff first pays the balance remaining on his filing fee in this case ($346.50).

At Pensacola, Florida this 2nd day of November, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.